UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAXING XIE,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                              Respondents. | Case No.:  26v1421-LL-BLM<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[ECF No. 7] |

Before the Court is Petitioner Jiaxing Xie's Motion to Alter or Amend Judgment. ECF No. 7. Respondents filed a response opposing the motion. ECF No. 9. For the reasons set forth below, the Court **DENIES** the Motion.

On March 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus asking the Court to release him or in the alternative, order a bond determination hearing. ECF No. 1 at 12. Respondents responded that they do not oppose a bond hearing for Petitioner. ECF No. 3. On March 16, 2026, this Court ordered an individualized bond hearing. ECF No. 5. On March 18, 2026, an immigration judge ("IJ") "conducted a [] bond hearing [under 8 U.S.C. § 1226(a) ("Section 1226(a)")] and denied bond." ECF no. 7-1 at 3. According to Petitioner, the IJ placed the burden of proof on Petitioner and took issue with the fact that Petitioner used a fraudulent document to enter the United States, did not have a stable

residential or employment history, did not submit any payment of taxes, had been denied all relief, and had been ordered removed. *Id*. at 3–4. Based on these, Petitioner claims that he did not receive "a constitutionally adequate remedy" and that continued detention without a constitutionally adequate bond hearing violates [his] due process." *Id*. at 4.

However, Petitioner has not alleged any wrongdoing by the IJ or the government that would justify amending or altering this Court's judgment. In Ninth Circuit, the noncitizen bears the burden of proof in bond hearings under 8 U.S.C. § 1226(a) because "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022); *see also Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("*Rodriguez Diaz* held that the noncitizen bears the burden of proof hearings under 1226(a)").[1] Thus, the IJ correctly placed the burden on Petitioner.

Moreover, the IJ may look into such factors as employment history and manner of entry into the country. To determine whether a noncitizen is a flight risk or poses a danger to the community, an IJ may consider "any or all of the following" factors: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, (4) the noncitizen's employment history, (5) the noncitizen's record of appearance in court, (6) the noncitizen's criminal record, (7) the noncitizen's history of immigration violations; (8)

---

[1] Petitioner incorrectly relies on *Singh v. Holder*, 638 F.3d at 1203-05 (9th Cir. 2011) to argue that the burden should be the government, not Petitioner. ECF No. 7-1 at 10. However, *Singh* is no longer good law following *Rodriguez Diaz*. *See Sandesh*, 2026 WL 622690, at *5.

any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry to the United States. *Singh v. Holder*, 638 F.3d 1196, 1206 n.5 (9th Cir. 2011) (citing *Matter of Guerra*, 20 I & N Dec. 37, 40 (BIA 2006)). Therefore, the IJ did not err in considering the fact that Petitioner used a fraudulent document to enter the United States or that he lacks a stable employment history.

Lastly, while Petitioner spends a lot of time and energy arguing that "EOIR is no longer a neutral body" (ECF No. 7-1 at 6–10), Petitioner has not alleged a single specific instance that affected *his* bond hearing. Thus, Petitioner has shown that the March 18, 2026 bond hearing was constitutionally inadequate.

Therefore, Petitioner's Motion to Alter or Amend Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:  May 26, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv1421-LL-BLM